IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,    **Plaintiff,**    v.    **JOSHUA RYAN SPARKS,**    **Defendant.** | Case No. 3:13-cr-00570-001-HZ    ORDER TO REDUCE SENTENCE |

The defendant, Joshua Ryan Sparks, through his attorney, Thomas E. Price, and together with the attorney for the government, Assistant United States Attorney May E. Potter, jointly moved this Court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to reduce his sentence to time served and amend the conditions of supervised release to include a period of community confinement.

As amended by the First Step Act, the compassionate release statute allows courts to reduce sentences for "extraordinary and compelling" reasons. Thirty days have elapsed since Mr. Sparks initiated a request for compassionate release consideration with the warden of FCI Greenville. Accordingly, this motion is properly before this Court.

As confirmed by BOP medical records, Mr. Sparks is 42 years old and suffers from: Asthma, Hypothyroidism, Type 2 Diabetes, chronic pulmonary/respiratory issues, Morbid Obesity, Major Depressive Disorder, and ADHD.  Mr. Sparks is also being treated for high blood pressure and high cholesterol.  Mr. Sparks remains in custody at FCI Mendota. Including good time credit and based on his projected release date of February 2, 2022, Mr. Sparks has approximately 14 months remaining of his 110-month sentence.

Based on all of the relevant circumstances, the parties agree that this case presents extraordinary and compelling reasons to reduce Mr. Sparks's sentence to time served. Additionally, the parties agree that the requested sentence reduction would be consistent with the sentencing factors under 18 U.S.C. § 3553(a) and the applicable policy statement in U.S.S.G. § 1B1.13.

Mr. Sparks has a release plan which includes residing at the NWRRC, and thereafter obtaining suitable clean and sober housing.

For all of the foregoing reasons, the Court finds that compassionate release should be granted and ORDERS that Mr. Sparks sentence be amended to one of time-served, effective 10 days after the entry of this order.  Release shall occur by the effective date of the order if the BOP has determined that defendant is COVID-19 negative.[1]

The Court further ORDERS that a term community confinement be imposed in order to achieve just punishment under 18 U.S.C. § 3553(a), until February 2, 2022.

---

[1] If the BOP cannot make the determination by the effective date of release, the Government shall notify the Court without delay.

It is further ORDERED that, in addition to all ordered conditions of supervised release contained in the original judgment that as special conditions of supervised release the following additional conditions are ORDERED:

1. that the special conditions of supervision shall be modified to require that the defendant shall reside in a residential re-entry center for a period not to exceed 120 days;

2. Upon his arrival at the residential re-entry center, the defendant shall quarantine for a 14-day period unless the U.S Probation Office authorizes interruption of the quarantine for urgent reasons;

3. Following completion of the residential re-entry center placement, the defendant shall remain on home confinement until February 2, 2022, or until further order of the Court.

4. That as a special condition of supervision that the defendant is required undergo an assessment to determine if anger management counseling is warranted;

5. If anger management counseling is recommended by that assessment that the defendant shall be required to complete anger management treatment and/or counseling as a condition of supervised release.

It is so ORDERED.

.

Dated this __18__ day of December 2020.

_____
The Honorable Marco A. Hernandez
Presiding United States District Court Judge